# Simpson *v.* East.

## *Attachment for Rent and Advances.*

1. *Attachment; affidavit in may be amended before plea in abatement is heard.*—Where in a suit by attachment pleas in abatement are interposed which go to defects in the affidavit and also setting up a variance between the attachment and the complaint filed in the cause, it is proper for the court to allow the affidavit to be amended before passing on the pleas to the original affidavit.

2. *Plea to jurisdiction; when necessary.*—Where an attachment was sued out in one county and a branch writ issued to another county in which the defendant resided and the property attached was situated, this to be available as a defense to the action should be presented by plea to the jurisdiction of the court; it cannot be reached by pleas made to the branch writ of attachment.

3. *Evidence; unsigned contract when competent.*—Plaintiff as landlord sued the defendant in attachment to recover the rent of land. Defendant pleaded in recoupment that plaintiff dispossessed him of a portion of the land. A paper writing was offered in evidence by the plaintiff which contained a statement that a designated portion of the land was reserved by the plaintiff. It was unsigned, but had been submitted to the defendant for his signature as containing the stipulations and agreements of the rental contract, at which time the defendant refused to sign it, objecting to stipulations in said contract as to his executing a mortgage, but making no objections as to the portions of land reserved. The contention of the defendant being that he had rented the entire place, and of the plaintiff that the portions mentioned in the

[Simpson v. East.]

written instrument offered in evidence were reserved; *held,* that these contentions made the paper writing offered, under the attendant facts as above stated, relevant and competent evidence to be considered by the jury in the determination of this particular issue.

4. *Same; what irrelevant.*—Where a tenant executed his note for rent of land in a certain agreed amount for a certain year, evidence as to what the place rented for in prior years was irrelevant in a suit by the landlord to recover the rent.

APPEAL from Colbert Circuit Court.

Tried before Hon. THOMAS R. ROULHAC.

Amanda R. East brought this suit against Albert E. Simpson.

The facts are stated in the opinion.

W. P. & W. L. CHITWOOD, for appellant.—Unsigned paper not admissible as evidence.—Rice on Evidence, 2 Vol., p. 1359.

J. T. KIRK, *contra.*—Unsigned paper admissible, 71 Ala. 509. (2). Tenant holding the place through rental period liable for stipulated rent.—*Smith v. Ingram,* 90 Ala. 529; *Seals v. Edmonson,* 71 Ala. 509.

DOWDELL, J.—This was an action commenced by attachment to enforce the collection of the landlord's claim for rent and advances. The defendant filed pleas in abatement to the attachment. These pleas in abatement went to defects in the affidavit upon which the attachment was based, and also setting up a variance between the attachment and the complaint filed in the cause. Before the plea in abatement was passed upon by the court, the plaintiff by leave of the court amended the affidavit. This he had a right to do under section 564 of the Code of 1896. The amendment was allowed against the objection of the defendant, and it is now urged in argument by counsel that the court erred in allowing the amendment before passing on the pleas to the original affidavit. There is no merit in this objection, the purpose of the amendment being to meet the objections which were raised by the pleas in abatement.

[Simpson v. East.]

The 2d, 3d, 4th and 5th assignments of error relate to the rulings of the court upon plaintiff's demurrers to the defendant's pleas in abatement, numbered 5, 6, 7 and 8. The 5th plea sets up a variance between the affidavit of the attachment and the complaint, averring that the affidavit shows a renting from plaintiff and the complaint shows a renting from plaintiff and her husband. Upon an inspection of the amended affidavit and the complaint in the cause, we fail to find any such variance as is averred in this plea.

The 6th, 7th and 8th pleas are made to the branch writ of attachment issued in the cause. Section 545 of the Code authorized the issuance of the branch writ of attachment without requiring any additional bond and affidavit. These pleas were without merit and the demurrers were properly sustained. It is contended by counsel that the branch writ of attachment should have been abated because the original writ was sued out in Colbert county where there was no property of the defendant subject to attachment and the branch writ issued to Lawrence county where the defendant resided and the property subject to attachment was situated. If this was true, to be available as a defense to the action it should have been presented in a plea to the jurisdiction of the court. The question, however, is not raised by any proper pleading in this case, and we decline to express any opinion as a decision is not called for.

The 6th, 7th, 8th and 9th assignments of error relate to the ruling of the court upon the evidence. The writing which was introduced in evidence by the plaintiff against the objection of the defendant, though unsigned by the parties, was competent for the purpose for which it was offered. There was a dispute between the parties as to whether certain portions of the land known as the Lyle place and which was rented by plaintiff to defendant, were reserved and not to be included in the rental contract. The writing offered in evidence contained a statement as to the portions of the place so reserved and it was shown in evidence that when plaintiff submitted this written instrument to the defendant for his signature as containing the stipulations and agree-

[Porter v. Harrison.]

ments of the rental contract, the defendant refused to sign the same, objecting to stipulations in the said contract as to his executing a mortgage, but making at the time no objections as to the portions of land reserved. The contention of the defendant being that he had rented the entire place, without the reservation of any portion by the plaintiff, and the contention of the plaintiff being that the portions mentioned in the written instrument offered in evidence were reserved in the contract of renting, made the paper writing, offered, under the attendant facts as above stated, relevant and competent evidence to be considered by the jury in the determination of this particular issue.

A rent note was executed by the defendant to the plaintiff, in which the amount of the rent to be paid was fixed by the parties, and this rent was for the year 1897. The price of the rent having been agreed upon, evidence as to what the place rented for in the years 1895 and 1898 was immaterial and irrelevant, and the court committed no error in refusing to allow the defendant to introduce such evidence when objected to by the plaintiff.

We find no error in the record, and the judgment of the court is affirmed.

    Affirmed.